Filed 10/26/21  P. v. Kanas CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADAM JOHN KANAS,<br><br>    Defendant and Appellant. | G058847<br><br>(Super. Ct. No. 16WF1821)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Jill Marlene Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Lise Jacobson and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Adam John Kanas was convicted of murder and two counts of driving under the influence of drugs. The only truly contested issue at trial was whether he was under the influence at the time he drove. Based on several misstatements in a search warrant affidavit, defendant moved to review certain categories of personnel records relating to the responding officer pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The court granted the request but found no discoverable documents. We agree with defendant that he is entitled to review of the trial court's ruling under *Pitchess*. Having undertaken this review, we find no error and therefore affirm the judgment.

I

FACTS

As relevant to this appeal, on the morning of August 15, 2016, defendant's Chevy Tahoe, driving at freeway speeds, crashed into another car on the freeway. That car was stopped in traffic, and the collision killed a 10-year-old girl and injured the driver, her father, and his other child.

California Highway Patrol (CHP) Officer Todd Steaffens was dispatched to the scene of the collision and arrived at about 9:26 a.m. He observed that defendant "seemed confused about the whole thing" and "out of it." Defendant made several comments, including "'accidents happen all the time'" and "'I guess two cups of coffee weren't enough.'" He did not seem to understand the gravity of the collision.

Steaffens did not observe any injuries to defendant, but his pupils were constricted and he was lethargic. A Los Angeles County arson investigator, who had been certified as an emergency medical technician earlier in his career, was driving to work when he came upon the accident scene and pulled over to assist. He testified defendant's eyes were "pinpoint." A CHP officer who was a certified Drug Recognition Expert at the time testified defendant was lethargic but coherent with slow and slurred

2

speech. A motorist who stopped to help also observed defendant's eyes as "dilated" and "bulging." Steaffens believed defendant was under the influence and placed him under arrest.

At the station, defendant's speech was slow and slurred, and he fell asleep while talking to officers at one point. Defendant told officers that he took 75 milligrams of Trazadone the previous night, but said he did not feel the effects of the medication. He told Steaffens he slept for eight hours and had breakfast before starting his drive.

Defendant was taken to the hospital when he said he had head, neck, and lower back pain. His blood was drawn at 1:10 p.m.

Steaffens subsequently filled out and signed a search warrant affidavit. It included numerous errors, including that he had been conducting a traffic stop and had observed the car driving, when neither of those had happened. The affidavit also named another individual as the driver, in addition to other misstatements that did not reflect the incident at issue. The search warrant was issued, resulting in a second blood draw at 3:10 p.m.

Toxicology results from both blood draws indicated the presence of numerous prescription drugs in defendant's system, including alprazolam, carisoprodol, meprobamate, oxycodone, oxymorphone, and acetaminophen. Alprazolam, carisoprodol, and meprobamate are central nervous system depressants and muscle relaxants. Oxycodone is a pain relief medication that could cause confusion, sedation, and drowsiness. Oxymorphone was in the same family of drugs and had the same effects. The amounts of oxycodone and oxymorphone exceeded the average range of therapeutic dosages.

The parties later stipulated that defendant had pleaded guilty to driving under the influence of drugs in 2015 and had been placed on probation. His plea agreement included an advisement pursuant to *People v. Watson* (1981) 30 Cal.3d 290, that driving while impaired is dangerous and could lead to a murder charge.

3

Defendant was charged with second degree murder (Pen. Code, § 187, subd. (a)),[1] and two counts of driving under the influence of drugs causing bodily injury with one prior (Veh. Code, § 23153, subd. (e)), with an allegation defendant caused great bodily injury (§ 12022.7, subd. (a)), as to the Vehicle Code violations. Two prior convictions were also alleged.

Prior to trial, defendant moved for discovery of Steaffens's personnel records pursuant to *Pitchess*. The motion requested various materials relating to, among other things, "dishonesty, false arrest, perjury, writing false police reports, writing of false police reports to cover incorrect procedure, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, illegal search/seizure, planting or concealing of evidence, false or misleading internal reports." The court found good cause and granted the motion. After its in camera review, the court stated in open court that it had found nothing to disclose.

At the conclusion of trial, a jury found appellant guilty of all charges and the great bodily injury enhancements true. The court vacated one of the driving under the influence counts while retaining the great bodily injury enhancement connected to that count. The court sentenced defendant to a total of 24 years to life.

II

DISCUSSION

Under *Pitchess*, a defendant may bring a motion for disclosure of certain relevant information in the personnel files of police officers by showing good cause for discovery and how it would support a defense to the charge against him. (§§ 832.7, 832.8; Evid. Code, §§ 1043-1045; *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1018-1019.)

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

Once a defendant has made a showing of good cause, "the trial court must examine the records in camera to determine if any information should be disclosed. [Citations.] The court may not disclose complaints over five years old, conclusions drawn during an investigation, or facts so remote or irrelevant that their disclosure would be of little benefit." (*People v. Winbush* (2017) 2 Cal.5th 402, 424.) To facilitate the court's review, "the custodian of records should bring to court all documents 'potentially relevant' to the defendant's motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226.) Following a review of the documents in chambers, and "[s]ubject to statutory exceptions and limitations . . . the trial court should then disclose to the defendant 'such information [that] is relevant to the subject matter involved in the pending litigation.'" (*Ibid.*) *Pitchess* rulings are reviewable for abuse of discretion. (*People v. Rivera* (2019) 7 Cal.5th 306, 338.)

Defendant contends that he is entitled to appellate review of the in camera proceeding, and we agree. Defendant requested an order from this court to the CHP directing it to transmit the underlying materials to this court for review. We denied the motion. (See *People v. Mooc*, *supra*, 26 Cal.4th at pp. 1229-1230.)

To the extent the trial court retained any documents related to the *Pitchess* motion, we treated the motion as one to augment the record and granted it. We received a clerk's affidavit stating the documents had not been retained. The court's on-the-record description of the documents during its in camera review, however, is more than sufficient for our purposes.

During the in camera hearing, the representative from the CHP stated under oath that she had brought all potentially relevant records and a complete and thorough search had been made for the records. The court reviewed the materials carefully, one at a time, and discussed the nature of each document on the record. Based on our review of the court's findings that no discoverable materials existed, we conclude the trial court properly exercised its discretion. We find no error.

5

## III

## DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.